GEORGE L. FICKETT & others *vs.* BOSTON FIREMEN'S RELIEF FUND.

Suffolk.    January 19, 1915. — February 26, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Boston. Boston Firemen's Relief Fund. Municipal Corporations,* Fire department. *Statute,* Construction. *Words,* "Fire department."

Under St. 1880, c. 107, as amended by St. 1881, c. 22, St. 1909, c. 308, St. 1911, c. 134, and St. 1913, c. 168, creating and relating to the Boston Firemen's Relief Fund, a corporation, which is authorized to hold moneys and real and personal estate not exceeding in the aggregate $400,000 "for the benefit of members of the Boston fire department and members of the Boston protective department or their families requiring assistance, or for the benefit of any persons, or the families of any persons, who have been such members, and who require assistance," the members of the branch of the Boston fire department known as the "fire alarm operating branch" are entitled to membership and to share in the benefits of the fund, being included in the designation "members of the Boston fire department" as used in the statutes named above.

Where in passing upon the meaning of a statute a fair consideration of the conditions attending its passage indicates clearly that a literal interpretation would defeat the purpose of the statute, the spirit rather than the letter of the statute is to be followed in its construction.

PETITION, filed on November 7, 1913, by alleged members of the Boston fire department engaged in the performance of the duties assigned to the branch of the department known as the fire alarm operating branch, for a writ of mandamus addressed to the Boston Firemen's Relief Fund, a corporation, alleging that by virtue of their membership and service in the Boston fire department they were entitled, under the provisions of certain statutes which are named in the opinion, to share in the benefits of the fund held by the respondent, but that at an annual meeting of the members of the respondent they had been refused recognition as members; and praying that the respondent might be commanded to restore the petitioners to the full exercise and enjoyment of all the rights and privileges of members of the respondent.

The case was referred to an auditor to hear the parties and their evidence, to find the facts and report them to the court. After

the filing of the auditor's report the case came on to be heard before *Pierce*, J., upon the pleadings, the auditor's report and an agreed statement of facts, and, at the request of the parties, the justice reserved the case for determination by the full court.

*M. L. Jennings*, for the petitioners.

*R. Homans*, for the respondent.

BRALEY, J. The St. of 1880, c. 107, as amended by St. of 1881, c. 22, St. 1909, c. 308, St. 1911, c. 134, St. 1913, c. 168, created the respondent corporation for the purpose of receiving and holding moneys and real and personal estate not exceeding in the aggregate $400,000 for the benefit of the members of the fire department of the city of Boston, and members of the Boston protective department or their families requiring assistance, or for the benefit of any persons or the families of any persons who have been such members and who require assistance. While conceding that the petitioners are employed in the "branch of the department known as the fire alarm operating branch," the respondent contends they are not within the purview of the statute, and has refused them recognition as members with the right to participate in its benefits.

To determine the question, it is necessary to ascertain how the fire department is organized, its powers administered, and its duties performed. The report of the auditor with the agreed statement of facts are to be treated as all the evidence the parties cared to introduce. It is largely upon the auditor's findings that the scope of the original statute, with the amendatory acts, must be construed, under the familiar rule that a fair consideration of the surrounding conditions may indicate clearly that a literal interpretation is not to control, if thereby the scope and purpose of the statute is defeated. The designation in St. of 1880, c. 107, § 4, of the property held by the respondent as the "Boston Firemen's Relief Fund," is not conclusive, but is to be read with the other provisions. The spirit of the law, not the letter, gives it life.

The fire alarm department was a separate department until the passage of the ordinance to establish a consolidated fire department, which provided for a board of three commissioners, a fire engineer, a superintendent of fire alarms, assistant engineers, enginemen, telegraph operators and other members whose maxi-

mum number was fixed. The ordinance, which has remained substantially unchanged, was in force when St. of 1880, c. 107, and the St. of 1881, c. 22, were enacted. The fire department as thus organized consisted of men in the "fire fighting force," and of men in the fire alarm department, charged with supervision of the fire alarm system. The names of the petitioners who have been duly appointed appear on the membership roll book of the department in accordance with the ordinance, although they were engaged in the fire alarm branch. And it is not disputed that they are subject at all times to the orders of their superior officers, while some of them are obliged to respond to the second alarm, even if their regular duties require them to maintain the electrical apparatus in efficient working condition. It further appears that under orders from the chief of the department the petitioners can order fire companies from one station to another, or to a fire, and may if the fire alarm system fails to work properly request any company commander to detail men of the "fire fighting force" to assist in remedying the defect.

But further recapitulation is unnecessary. It is manifest that the fire department of the city as to all its members is under the control of one responsible head or board. It was intended to be and is a single department made up of officers and employees whose services even if diversified are for the sole purpose of safeguarding property within the municipality from loss or damage by fire, and the rules and regulations for the maintenance of discipline, with the penalties for their violation, and the method of enforcement, are made applicable to every member without any distinction as to the particular service he performs. The ordinary daily work of the petitioners may not expose them to the hazards encountered by members who attend fires as the "fire fighting force," but none the less their services are shown to be equally indispensable. The statute as previously said must be read in connection with the subject of legislation, and when so read "members of the Boston fire department" as used in the act are not to be restricted to those who combat the flames, or endeavor by protective measures to preserve property, but include the petitioners without whose aid fires could not be effectually controlled and extinguished in the mode provided by a carefully coördinated system.

The exclusion of the petitioners having been unjustifiable, a writ of mandamus is to issue to restore them to all the rights and privileges to which by virtue of their membership they are entitled.

*So ordered.*