JOHN E. NOLAN & others *vs.* BOSTON FIREMEN'S RELIEF FUND.

Suffolk.     November 16, 1920. — November 19, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*The Boston Firemen's Relief Fund.     Boston.     Mandamus.*

A member of the repair and construction division or of the veterinary service or of the fire alarm branch of the fire department of the city of Boston is, under St. 1909, c. 308, as amended by St. 1911, c. 134, a member of "said department" and entitled to vote for the twelve members of that department, who, with the fire commissioner, constitute The Boston Firemen's Relief Fund; and if the corporation denies to him that right, a writ of mandamus may be issued upon his petition to compel the corporation to recognize it.

It is not a condition precedent to the granting of the petition for a writ of mandamus above described that the petitioner shall have made an express demand upon the corporation for a recognition of his right if it appears that such a demand would have been futile.

PETITION, filed on April 1, 1918, by John E. Nolan, William H. Baldwin, Dennis J. Burnett and Daniel F. O'Brien, alleging themselves to be members of the fire department of the city of Boston and assigned to duty in the branches of the department known as the repair and construction division, veterinary service, and fire alarm branch, for a writ of mandamus directing the corporation, The Boston Firemen's Relief Fund, "to restore them to the full exercise and enjoyment of all their rights, privileges, and franchises as members thereof, and not further deny, interfere with, or abridge them in any shape or manner," the petitioners alleging that, previous to the annual meeting of 1913, they had been notified that they would not be recognized as members of the corporation and had not been permitted to vote or to take part in the meetings of the corporation.

The answer denied that the petitioners were members of the fire department of the city of Boston and alleged that the respondent "has never refused to recognize, and has never denied to the petitioners or any of them, any lawful right, privilege, benefit, or franchise which the petitioners, or either of them, have duly made, filed, or presented to the respondent."

The case was referred to an auditor. Material facts found by him are described in the opinion. After the filing of his report, the case at the request of the respondent was reserved for determination by the full court upon the pleadings, the auditor's report and exhibits referred to therein and a stipulation of the parties that "it was in evidence before the auditor that up to the year 1909 no question had ever been raised by any one that the members of the fire alarm branch were not members of the fire department of the city of Boston."

The case was submitted on briefs.

*E. Carr & J. F. Barry,* for the petitioners.

*H. Parker & E. H. Hewitt,* for the respondent.

BY THE COURT. This petition for a writ of mandamus, although not carefully drawn, sets out membership by the petitioners in the fire department of the city of Boston, right by reason thereof to vote for twelve members of that department, who, together with the fire commissioner of that department, constitute the corporation established by St. 1909, c. 308, as amended by St. 1911, c. 134, and denial by the respondent of that right. The facts

found support every one of these allegations. Although the petitioners are not active members of the respondent corporation, their franchise to vote for twelve of such members is indubitably secured to them and to every other member of the fire department of the city of Boston by the express terms of the statutes heretofore cited. The petitioners were excused from making an express demand upon the respondent because the circumstances show that it would have been manifestly futile. No justification whatever is shown for refusal by the respondent to afford to the petitioners every facility for voting provided for other members of the department. This is an appropriate case for the issuance of the writ of mandamus. It is too clear for discussion that the case in this aspect is covered in every particular by the decision in *Fickett* v. *Boston Firemen's Relief Fund*, 220 Mass. 319. It has been found that the petitioners have not been refused by the respondent any pecuniary relief to which they were entitled; hence they show no present right to aid of the court in that respect.

*Writit to issue.*