JAMES P. ROSE *vs.* THE BOSTON FIREMEN'S RELIEF FUND.

Suffolk.    December 3, 1923. — April 14, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Boston Firemen's Relief Fund.    Boston.    World War.*

A member of the fire fighting force of the Boston fire department, on his application, was given leave of absence without pay for the purpose of entering the military service of the United States. He served in the army with distinction until July, 1918, when, having been wounded in action, he became an inmate of various hospitals and received honorable discharge from the military service in February, 1920. In October, 1920, upon his application in writing, he was reinstated in the Boston fire department and reported for duty. Thereafter he brought an action against The Boston Firemen's Relief Fund to recover payment for disability for the period between his discharge from the army and his resumption of duty with the fire department. *Held,* that the grant of leave of absence without pay, followed by the plaintiff's enlistment in the army, severed his employment by the city and he did not as a matter of right become entitled to relief as a member of the fire department until his reinstatement in October, 1920.

CONTRACT for $375 and interest, alleged to be due the plaintiff as " one hundred fifty days relief, for absence on account of sickness from duty as a member of the fire department of the city of Boston." Writ dated February 23, 1922.

In the Superior Court, the action was tried before *Wait,* J. Material evidence is described in the opinion. The

trial judge ordered a verdict for the defendant and reported the action to this court for determination.

*J. F. Barry,* (*E. Carr* with him,) for the plaintiff.

*H. Parker,* (*E. H. Hewitt* with him,) for the defendant.

BRALEY, J.   By St. 1880, c. 107, as amended by St. 1881, c. 22, St. 1909, c. 308, St. 1911, c. 134, and St. 1913, c. 168, the defendant is " a body corporate for the purpose of receiving and holding all sums of money, and real and personal estate not exceeding in the aggregate four hundred thousand dollars " for the benefit of members of the Boston fire department and members of the Boston protective department or their families requiring assistance, or for the benefit of any persons or families of any persons who have been such members and who require assistance.   See *Ficket* v. *Boston Firemen's Relief Fund,* 220 Mass. 319; *Devney's Case,* 223 Mass. 270; *Nolan* v. *Boston Firemen's Relief Fund,* 236 Mass. 420; *Elliott* v. *Fire Commissioner of Boston,* 245 Mass. 330. The plaintiff, appointed to the fire fighting force on February 17, 1907, was thereafter carried on the rolls as a member of the department until he was retired under the statute, and pensioned on half pay to take effect November 4, 1921. But in March, 1917, he applied for leave of absence without pay for the purpose of entering the military service of the United States.   The application having been granted on April 17, 1917, he enlisted, and served with distinction until July, 1918, when, having been wounded in action, he became an inmate of various hospitals, and received an honorable discharge from service on February 26, 1920.   On October 22, 1920, upon his application in writing, which was duly approved by the fire commissioner, he was reinstated, and reported for duty.   The present action is brought to recover payment for disability caused by sickness for the period between his discharge from the army and his resumption of duty.

No question of the time or form of the application for such relief is raised.   But the statutes previously cited, when read together, expressly provide, that the income from the fund administered by the defendant is among other purposes for the benefit of members, or their families

requiring assistance, or for the benefit of any persons, or the families of any persons who have been such members, requiring assistance. By St. 1917, c. 254, §§ 1, 2, which was duly accepted by the city on May 24, 1917, it was authorized in common with other cities and towns of the Commonwealth to pay to its employees " leaving their service between March twenty-fifth, nineteen hundred and seventeen, and the close of the war, as determined by the United States government, for the purpose of entering the military or naval service of the United States, an amount equal to the difference between the compensation which such employees were receiving at the time of leaving such service and the pay which they receive while in said military or naval service under the acts of Congress and of this Commonwealth, including aid to their dependents." The plaintiff, even if a public officer, is to be ranked as an employee under this statute. *Fisher* v. *Boston,* 104 Mass. 87; *Devney's Case,* 223 Mass. 270, 271. It was physically impossible during his absence for him to discharge any duties required as an active member of the fire department, or to subject himself to the control of the municipal authorities. The granting of leave of absence without pay, immediately followed by his enlistment, severed his employment by the city. While by force of St. 1917, c. 254, § 1, he received during the period of his military service the difference between what his salary as a fireman would have been, and the compensation he was paid as a soldier, the payments by the city were gratuitous, and the disability from which he suffered arose solely from his service in the army. It is manifest, that he did not as matter of right become entitled to relief from the defendant as a member of the fire department until after his reinstatement October 22, 1920. R. L. c. 19, § 25, as amended and enlarged by St. 1918, c. 160, § 1; St. 1919, c. 14, § 1; St. 1920, c. 219, § 1. It is also plain on the record that he cannot recover as a past member of the department.

By the terms of the report, judgment for the defendant is to be entered on the verdict.

*So ordered.*