# DECISIONS

OF THE

## SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

---

MARTIN A. FULTON *vs.* CITY OF BOSTON.

Suffolk. February 7, 8, 1929. — March 26, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Boston. Veteran. Pension.*

The provisions of § 32 of St. 1922, c. 521, known as the Boston retirement act, do not exempt from the provisions of § 5 of that chapter a veteran of the World War who entered the service of the city of Boston in 1926; and the city therefore had authority to make deduction from his salary under the provisions of § 6 of that statute.

CONTRACT by a veteran of the World War for $168.40, alleged unlawfully to have been deducted from his salary by the defendant, purporting to act under authority conferred by St. 1922, c. 521, § 6. Writ dated November 3, 1928.

In the Superior Court, the action was heard by *Cox*, J., without a jury, upon an agreed statement of facts, and he reported it to this court without a decision under G. L. c. 231, § 111. Material facts are stated in the opinion.

*F. J. Linehan, Jr.,* (*B. W. Taylor* with him,) for the plaintiff.

*J. P. Lyons,* Assistant Corporation Counsel, for the defendant.

PIERCE, J. This case, an action of contract, was tried in the Superior Court without a jury upon an agreed statement of all material facts bearing upon the issue raised, and is reported to this court without decision, pursuant to G. L. c. 231, § 111.

The action is to recover the sum of $168.40, which was deducted in equal instalments monthly from the salary of the plaintiff who was regularly employed by the city of Boston in its auditing department on May 2, 1926, and continued in said employment until November 3, 1928, the date of the writ in this action. It appears in the agreement of facts that the plaintiff served in the navy of the United States in the World War between April 6, 1917, and November 11, 1918, and was honorably discharged from the naval service on June 11, 1919. He is a resident of the city of Boston, and the provisions of G. L. c. 32, §§ 56 and 59 were accepted by the mayor of the city of Boston September 30, 1920, and the provisions of St. 1922, c. 521 were accepted by the mayor and city council of the city of Boston on August 22, 1922. The civil service commission and the authorities in charge of the employment of persons for the city of Boston were informed and knew that the plaintiff had served in the World War between April 6, 1917, and November 11, 1918, and therefore knew that the plaintiff was a veteran as that status is defined in G. L. c. 32, § 56. It is stipulated that if the plaintiff is entitled to recover, judgment shall be entered for the plaintiff in the sum of $168.40, otherwise judgment is to be entered for the defendant.

The issue raised by the agreed statement of facts is, Has the plaintiff, who became an employee of the city of Boston after the establishment of the Boston retirement system on February 1, 1923 (St. 1922, c. 521, § 3), by reason of the fact that when employed he was a veteran of the World War, any pension rights under the provisions of G. L. c. 32, §§ 56 to 59, inclusive? Or, is a person of his status on the facts disclosed entitled to any retirement allowance other than is provided for by St. 1922, c. 521?

It is provided by G. L. c. 32, § 56, that "A person who has

served in the army, navy or marine corps of the United States in the Spanish war or Philippine insurrection between April twenty-first, eighteen hundred and ninety-eight, and July fourth, nineteen hundred and two, or in the world war between April sixth, nineteen hundred and seventeen, and November eleventh, nineteen hundred and eighteen, and has been honorably discharged from such service or released from active duty therein, in sections fifty-six to sixty, inclusive, called a veteran, who is in the service of the Commonwealth, or of any county, city, town or district thereof, shall be retired with the consent of the retiring authority, if incapacitated for active service, at one half the regular rate of compensation paid to him at the time of retirement, and payable from the same source; provided, that he has been in the said service at least ten years, has reached the age of fifty, and has a total income from all sources, exclusive of such retirement allowance, not exceeding five hundred dollars."

St. 1922, c. 521, § 5, reads: "All persons who are employees on the date when this retirement system is established may become members of the system. Every employee in service on said date, except an employee then covered by any other pension or retirement law of this Commonwealth, shall, on the expiration of sixty days from said date, be considered to have become a member of this retirement system unless within that period he shall have sent notice in writing to the retirement board that he does not wish to join the system. Employees declining to join this retirement system within sixty days from the establishment of the system may thereafter be admitted to membership but no employee shall receive credit for prior service unless he applies for membership or becomes a member of the retirement system within one year from the date of the establishment of the system. An employee who is covered by any other pension or retirement law of the Commonwealth on the date when this retirement system is established shall not be considered to have become a member of this retirement system unless said employee shall then or thereafter make written application to join this system and shall therein waive and renounce all benefits

of any other pension or retirement system supported wholly by the city of Boston or county of Suffolk, but no such employee shall receive credit for prior service unless he makes such application for membership within one year from the date of establishment of this system. If such an employee does not make such application and waive and renounce such benefits, he shall retain and enjoy said benefits without diminution or impairment. All persons who become employees after the establishment of this system shall as a part of their employment become members of this retirement system and shall receive no other pension or retirement allowance from the city of Boston or the county of Suffolk. On and after January first, nineteen hundred and twenty-six, the services of an employee, not a veteran of the Civil war, of the Spanish war or Philippine insurrection or the World war as defined in section fifty-six of chapter thirty-two of the General Laws, or not a member of the judiciary or not a teacher, who attains or has attained the age of seventy and who is not a member of this system, shall terminate forthwith"; and § 32: "All acts or parts of acts inconsistent herewith are hereby repealed. Nothing herein contained shall be construed as affecting the provisions of sections forty-nine to sixty, inclusive, of chapter thirty-two of the General Laws, nor of chapter two hundred and eighty-nine of the Special Acts of nineteen hundred and sixteen."

In substance, it is contended by the plaintiff that the Legislature did not intend by St. 1922, c. 521, § 5, to deprive veterans of the World War who entered the regular and permanent employ of the city of Boston after February 1, 1923, of the benefits and privileges which they would enjoy had they entered the regular and permanent service of the city before February 1, 1923. The position of the plaintiff is based upon the provision of § 32, *supra.*

It is the contention of the defendant that it was the intention of the Legislature that all persons who became employees of the city of Boston after the establishment of the retirement system should as a part of their employment become members of the system, and that § 32 was designed to accomplish first the repeal of all acts and parts of acts

inconsistent with said c. 521, and that the additional language contained within said § 32 was incorporated out of an abundance of caution so that those who were in the service at the time of the establishment of the system on February 1, 1923, would have their rights preserved to any other pension or retirement law of the Commonwealth to which they were entitled. We think the position of the defendant is fully supported by the provisions of said c. 521 considered as a whole. It results that, on the agreed statement of facts, the plaintiff is not entitled to recover; and it further results from the terms of the stipulation that judgment is to be entered for the defendant.

*So ordered.*