Pettingell, A. P. J.
Action of contract in which a police officer, re-instated in office after a long separation from the *105 service, seeks to recover amounts deducted from Ms weekly-pay as Ms contributions to a retirement fund.
The plaintiff, who became a patrolman, May 1, 1916, left the department to serve in the World War, was re-instated in 1919, and left the department again in 1920 because of ill health. He did not formally resign but ceased performing his duties with the knowledge of the Chief of the department and upon the advice of physicians.
In 1935, he was re-instated in the same position, in the same class and grade, that he had formerly held, by virtue of G. L. (Ter. Ed.) C. 31, Section 46 D. (originally St. 1933, C. 320).
When the plaintiff left the service in 1920, the defendant city had a non-contributory system of retirement for disability, but on June 22, 1928, the city adopted St. 1928, C. 355, establishing a contributory system. After his reinstatement in 1935, the plaintiff was not asked to contribute to the system until March, 1940, when the city began to deduct weekly from his pay four percent of his earnings, and requested him to make up payments at the rate of $1.68 per week, back to July 15, 1935.
The action is for the amounts deducted since March, 1940.
The trial judge found in part as follows:
“I find that because of his resignation in 1920, the plaintiff was not an employee of the City until his reinstatement on July 15, 1935 and that on that date he not only became an employee, but also came under the clearer classification of an employee who re-entered the service of the City on that date. By the express terms of the Statute, therefore he is included in the membership of the system and as such the defendant is entitled to make the disputed deduction.”
*106 The plaintiff requested rulings of law as follows:
“1. On all the evidence the plaintiff is entitled to recover.
“2. On all the law the plaintiff is entitled to recover.
“ 3. On all the evidence the court is warranted in finding that the plaintiff became separated from classified Civil Service by reason of inability to work on account of illness, and could be re-instated by the appointing officer. Acts of 1933, Chap. 320.
“4. On all the evidence the court is warranted in finding that the plaintiff was re-instated as a member of the Newton Police Department on July 15, 1935 by request of the appointing officer and with the consent of the Civil Service Commission.
“5. On all the evidence the court is warranted in finding that re-instatement means re-establishment in the former status with all the ordinary incidents to that status. Horrigan vs. City of Pittsfield, Vol. 11 N. E. Reporter page 588, Paragraph 3-5.
“6. On all the evidence the court is warranted in finding that pension rights are an ordinary incident to re-instatement.
“7. On all the evidence the court is warranted in finding that the defendant is guilty of loches.”
The trial judge disposed of the plaintiff’s requests as follows:
“1 and 2. Denied.
“3 and 4. Given, but not material to the issue.
“5. Given, as modified that such re-establishment does not affect his rights or obligation under the Retirement Act in force in the City of Newton.
“6. Denied as a matter of law.
“7. Given, but modified that such finding is not material to the issue.”
*107 There was a finding for the defendant. The report contains all the evidence material to the questions reported.
When the plaintiff left the defendant’s service in 1920, he severed his employment by the city and, prior to his re-instatement, was not entitled as of right to any of the benefits of his former service. Rose v. The Boston Firemen’s Relief Fund, 248 Mass. 539, at 541. By abandoning his employment, he abandoned all his rights. Branche v. City of Fitchburg, Mass. Adv. Sh. (1940) 1405, at 1406.
When the plaintiff thus separated himself from the service, he gave up his rights under the non-contributory pension system then in force by virtue of G. L. (Ter. Ed.) C. 32, Section 83. That section provides that retirement is to be for disability and “from active service”. After his voluntary retirement, and his failure to do duty, the plaintiff was not in a position to claim the benefit of this retirement compensation. Caswell v. Somerville Retirement System, Mass. Adv. Sh. (1940) 1139, at 1141. It is certain that at some time, after his withdrawal from service in 1920 and before his re-instatement in 1935, his right to advance a claim for retirement “from active service” was lost by inaction. Streeter v. Worcester, 177 Mass. 29, at 31. Hill v. Mayor of Boston, 193 Mass. 569, at 574. Feehan v. Chief Engineer of the Fire Department of Taunton, 264 Mass. 178, at 181. Branche v. City of Fitchburg, Mass. Adv. Sh. (1940) 1405, at 1406, 1407.
When the plaintiff was re-instated under G. L. (Ter. Ed.) C. 31, Section 46D, the question immediately arises as to what he was re-instated. The statute provides that such a re-instatement shall be, as stated in said section “in the same position or in a position in the same class and grade as that formerly held by him”. It is to be noted that Chapter 31 of the General Laws deals with the Civil Serv *108 ice and has nothing to do with “Retirement Systems and Pensions” which are the subject matter of Chapter 32.
It is a reasonable conclusion, therefore, that what the plaintiff acquired by virtue of his re-instatement was a civil service status such as he had before his separation from the service. With this status would go certain rights, such as “the rights to hold his office or employment without removal, suspension or lowering in rank or compensation, except in the manner specifically set forth in statutes which assure to him the advantages of notice and a hearing, and the privilege of judicial review”. Horrigan v. Mayor of Pittsfield, 298 Mass. 492, at 495. Such rights are purely civil service matters.
It is the contention of the plaintiff, however, that his re-instatement gave to the plaintiff, also, the same status as to retirement that he had before his separation from the service. There are several reasons why we think that this is not so. In the first place, as has been pointed out, his re-instatement was under the civil service statute which restored him to his original status under that statute. The retirement provisions have nothing to do with the civil service status. Firemen’s Pension Fund. v. State Ex Rel. Furgason, (Ind. 1933), 187 N. E. 330; 89 A. L. R. 680.
In the next place, retirement provisions are not primarily intended for the benefit of the individual officeholder. “The general purpose of the act is not primarily to confer benefits on employees. Its purpose . . . is ‘to improve the efficiency of the public service’ ”. Cogan v. Cambridge Retirement System, 294 Mass. 577, at 581. When a retirement system is adopted for the entire working force, its provisions are exclusive; other retirement provisions inconsistent with the act adopted, must yield to it. Fulton v. Boston, 267 Mass. 1, at 4, 5. While, as in *109 that case, there may be saving provisions in the act which preserve the rights of employees “to any other pension or retirement law”, there is nothing in G. L. (Ter. Ed.) C. 31, Section 46D, or in St. 1928, C. 385, which created the contributory retirement system in force when the plaintiff was re-instated, which brought to life again, or specifically restored the provisions of the non-contributory system in effect when the plaintiff separated himself from the force. Even if the plaintiff had contributed to the original fund, aside from some statutory provision he would not have had a vested right in the original pension, City of Dallas v. Trammell, (Texas 1937) 101 S. W. (2d) 1009; 112 A. L. R. 997; Annotation, 112 A. L. R. 1009, at 1010; he had not contributed anything, however, and there was no actual fund to which he had a right.
In Rose v. The Boston Firemen’s Belief Fund, 248 Mass. 539, the plaintiff left the department to service in the World War, and was re-instated in 1920. The court held that whatever rights he had in the Belief Fund arose after his re-instatement. The court said, at page 541, “It is also plain on the record that he cannot recover as a past member of the department”. In Firemen’s Pension Fund v. State Ex Rel. Furgason, (Ind. 1933), 187 N. E. 330; 89 A. L. R. 680, the facts were nearly similar with those in the case at bar. The fireman resigned and was re-instated after six years. The court said:
“In its generally accepted sense, reinstatement refers to a restoration to a state from which one has been removed, and it may be more correctly said that the relator was re-employed. When the relator resigned his position, his connection with the fire department was completely severed, and he retained no right to the position or to any of its rights, benefits, *110 or emoluments, and no basis remained upon which he could demand reinstatement or re-employment as matter of right or justice.”
The court held that “reinstatement” did not include a restoration of his original pension rights.
G. L. (Ter. Ed.) C. 31, Section 40D, relating to civil service, uses the word “reinstated”; St. 1928, C. 355, Section 4, provides that all persons who “enter or re-enter the service of the city” shall become members of the contributory retirement system. Although the plaintiff may have been “re-instated” to his original civil service status, we are of opinion that as to the retirement provisions, he was one who “re-entered” the service thus becoming a member of the contributory system and bound to contribute.
There was no prejudicial error in the disposition of the rulings requested by the plaintiff.