JOHN B. M. McKENNEY vs. FRED J. DOBBRATZ & others.

Suffolk.     November 3, 1943. — November 29, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Boston Firemen's Relief Fund. Fireman. Boston. Retirement. Municipal Corporations*, Fire department.

One retired from the Boston fire department under the Boston retirement act ceased to be a member of the department within the meaning of St. 1909, c. 308, § 1, as amended, and automatically ceased to be a member of the Boston Firemen's Relief Fund.

PETITION for a writ of mandamus, filed in the Superior Court on January 5, 1943.

The case was heard by *Brogna*, J., upon an agreed statement of facts, and the judge ordered the petition dismissed as a matter of law. The petitioner alleged exceptions.

*G. A. McLaughlin*, for the petitioner.

*F. L. Simpson*, for the respondents.

QUA, J. The question is whether the petitioner can continue as a member of the corporation known as The Boston Firemen's Relief Fund after he has been retired from the fire department in accordance with the Boston retirement act, St. 1922, c. 521, § 13, for incapacity as the result of an accident occurring during the performance and within the scope of his duty.

Membership in the corporation is expressly governed by the provisions of St. 1909, c. 308, §§ 1 and 2, as amended and affected by St. 1911, c. 134, and by St. 1913, c. 168. By the provisions of § 1 of the 1909 act, as amended by the 1913 act, "The fire commissioner of the city of Boston for the time being and his successors in office, and twelve members of the fire department of the city of Boston, of whom four shall be officers of the department, to be chosen as hereinafter provided, and their successors, shall constitute a body corporate for the purpose of receiving and holding . . ." the fund. The 1911 act added a member of

the Boston protective department. The amended § 2 provides that the members of The Boston Firemen's Relief Fund shall be elected by the "members" of the fire department and of the protective department, respectively, and further provides that when a vacancy occurs in the membership of the corporation, the remaining members of the corporation shall elect "a member of either of the aforesaid departments to fill the vacancy." See also St. 1921, c. 390, defining the term "members of the Boston fire department" as used in the amended § 1 of the 1909 act in designating persons for whose benefit, or for the benefit of whose families, the funds have been, or may be, donated. And see *Fickett* v. *Boston Firemen's Relief Fund*, 220 Mass. 319, and *Nolan* v. *Boston Firemen's Relief Fund*, 236 Mass. 420, both decided before the act of 1921 was passed.

It seems to us that these statutes, particularly by the provision that the elected members of the departments "shall constitute" the body corporate, disclose an intent that only members of the two departments shall become or shall remain members of the corporation. In this way the fund will be administered only by actual members of the departments, chosen by members of the departments, and for the benefit of members of the departments or their families or of persons who have been members or their families.

The issue is therefore narrowed to the question whether the petitioner continued to be a member of the fire department, within the meaning of the statutes hereinbefore cited, after his retirement for incapacity. We think that he did not. He was no longer obligated to perform any service as a fireman.[1] He was in no way subject to the discipline of the department. He was out of the department as completely as was the fireman on leave of absence to serve as a soldier in *Rose* v. *Boston Firemen's Relief Fund*, 248 Mass. 539. The requirement of St. 1922, c. 521, § 19, that he submit to a medical examination each year is not based upon continuing membership in the department. It is

---

[1] Compare G. L. (Ter. Ed.) c. 32, § 85, applicable in certain towns.

merely a condition upon which depends his further receipt of his allowance. The provision of the same section whereby, if retired upon the application of the head of the department, and if the disability should cease, he shall be "restored to the department from which he was retired" does not continue him as a member after he has been retired and before he has been "restored." Retirement is commonly a separation from the classified service. See G. L. (Ter. Ed.) c. 31, § 46H, inserted by St. 1936, c. 287, and later amended; *Horrigan* v. *Mayor of Pittsfield*, 298 Mass. 492, and cases cited at page 496. Absence from duty due to bodily disability may in itself constitute separation from the public service. *Dunn* v. *Commissioner of Civil Service*, 279 Mass. 504, 509–510. See G. L. (Ter. Ed.) c. 31, § 46E, inserted by St. 1934, c. 207, as amended by St. 1936, c. 297, and later amendments. The case of *Acford* v. *Auditor of Cambridge*, 300 Mass. 391, is to be distinguished. There the question was not whether the deceased fireman was, for general purposes, still a member of the department after his retirement and before his death. The question was simply whether the dependent widow of a fireman who died in consequence of injuries received in the performance of his duty while he was a full, active member of the department should lose the benefits provided by G. L. (Ter. Ed.) c. 32, § 89, as amended, merely because the deceased had been retired in the interval after his injury and before his death. The obvious purpose which the section was designed to serve required the result reached in that case.

Since the petitioner, when he was retired, ceased to be a member of the Boston fire department, he also automatically ceased to be a member of The Boston Firemen's Relief Fund.

It is seriously doubtful whether the record shows that the petitioner properly saved any exception, but, as the result is the same, we have preferred to deal with the case on its merits.

*Exceptions overruled.*