ORRIN W. DOTEN *vs.* CITY OF BROCKTON
(and a companion case[1]).

Plymouth. March 3, 1952. — April 3, 1952.

Present: LUMMUS, RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Municipal Corporations*, Employees.

Employees of a city subject to G. L. (Ter. Ed.) c. 149, § 33A, inserted by St. 1947, c. 649, and revised by St. 1948, c. 657, were not entitled to overtime compensation for service in excess of forty hours a week performed in the absence of any emergency.

TWO ACTIONS OF CONTRACT. Writs in the District Court of Brockton dated November 10, 1949.

The actions were heard by *Loschi*, J.

*E. H. Stevens*, for the plaintiffs.

*S. Smolensky*, City Solicitor, for the defendant.

SPALDING, J. These are two actions of contract to recover compensation for services alleged to have been performed as overtime between October 17, 1947, and November 10, 1949. Both cases were submitted on agreed facts.

[1] The companion case is by Elbridge L. Gowell against the same defendant.

Except for a slight difference in the number of hours of overtime worked by each plaintiff the facts in both cases are the same. There was a finding for the defendant in each case which we treat as an order for judgment. Reports to the Appellate Division were dismissed, and the plaintiffs appealed.

On October 17, 1947, the defendant accepted G. L. (Ter. Ed.) c. 149, § 33A, inserted by St. 1947, c. 649, which, so far as here material, reads: "the service of all persons employed by every city in which this section is accepted . . . shall be restricted to forty hours in any one week, provided, that, in cases of unusual emergency, service in excess of such forty hours may be authorized by an officer of such city or town or by any other person whose duty it is to employ, direct or control such employees, and such additional service shall be compensated for as overtime. This section shall not apply to . . . firemen . . . . The compensation payable to any employee shall not be reduced by reason of acceptance of this section." By St. 1948, c. 657, a new § 33A was substituted for the provisions just quoted. In substance it was the same, with the exception that the provisions relating to an emergency were somewhat different. The wording of the later statute in this respect was: "provided, that, in cases of emergency, *when the mayor or a city official designated by him . . . determines that public necessity so requires, which determination shall be final and conclusive,* service in excess of . . . [five days and forty hours] may be authorized by an officer of such city or town or by any other person whose duty it is to employ, direct or control such employees, and such additional service shall be compensated for as overtime" (emphasis supplied). The principal changes wrought by the later statute are the omission of the word "unusual" before "emergency" and the addition of the italicized words.

Between October 17, 1947, and November 10, 1949, the period for which overtime compensation is sought, the plaintiffs were employed by the defendant as fire alarm operators. There was "no case of emergency" during this period. The

plaintiffs, as did all other fire alarm operators, worked forty-eight hours a week throughout this period. The rules and regulations of the fire department of the defendant provide that "Fire alarm . . . operators shall be on duty at such prescribed times as the Assistant Superintendent acting under the direction of the Chief shall designate." Throughout the period in question the plaintiffs received an annual salary of $2,750 which was paid in fifty-two weekly instalments. The number of hours in excess of forty hours a week that each plaintiff worked and the rate of overtime pay, if the plaintiffs are entitled to it, are not in dispute.

A considerable portion of the agreed facts relate to the differences in the qualifications and duties of those in the fire fighting branch of the defendant's fire department and of those in the fire alarm division. They need not be recited. We assume, as the plaintiffs argue and the defendant concedes, that the plaintiffs are not "firemen" within the exception in § 33A and that that section applies to them. See *Elliott* v. *Fire Commissioner of Boston,* 245 Mass. 330. Compare *Fickett* v. *Boston Firemen's Relief Fund,* 220 Mass. 319; *Nolan* v. *Boston Firemen's Relief Fund,* 236 Mass. 420.

There was no error.

The meaning of § 33A is plain. Under that section as originally enacted the service of persons coming within it was "restricted to forty hours in any one week." Additional service could be performed by such persons only when "in cases of unusual emergency" it was authorized by an officer of the city or other person whose duty it was to employ, direct or control them. Persons performing such additional services were entitled to overtime compensation. The statute, as revised by St. 1948, c. 657, made no substantial change in the matter of additional service and overtime compensation. The service of employees was to be "restricted to five days and forty hours in any one week" except that "in cases of emergency, when the mayor or a city official designated by him . . . determines that public necessity so requires . . . service in excess of the days and hours aforesaid may be authorized" by an officer

of the city or other person whose duty it was to employ, direct or control the employees. The statute further provides that "such additional service shall be compensated for as overtime." It is to be noted that under both statutes compensation for overtime is to be paid only in those cases where additional service is authorized.

The plaintiffs' right to extra compensation, as they concede, rests entirely on § 33A, and they have failed to bring themselves within its provisions. There was no "unusual emergency," proof of which was essential to recovery under the 1947 statute. Not only was there no "emergency" as that word is used in the 1948 statute, but there was no determination by the mayor of the defendant, or by a city official designated by him, that public necessity required overtime services. In the absence of such a determination the plaintiffs were not authorized to work overtime. In order to recover it was not enough for the plaintiffs to show that they performed additional service. They were required to go farther and prove that such service was authorized in accordance with the provisions of § 33A.

*Orders dismissing reports affirmed.*