HAROLD WASHINGTON *vs.* CITY OF BOSTON
(and a companion case[1]).

Suffolk.    December 4, 1962. — January 31, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Fire Fighter. Boston. Municipal Corporations,* Employees.    *Civil Serv-
ice. Words,* "Fire fighter."

Persons in the maintenance division of the fire department of Boston
classified under G. L. c. 31, § 2A (b), as fire apparatus repairmen, motor
equipment repairmen, and carpenters are not "fire fighters" within the
meaning of that term in St. 1958, c. 411, pursuant to which salary in-
creases were granted to "fire fighters" employed by the city.

CONTRACT.    Writ in the Superior Court dated November
19, 1959.

BILL IN EQUITY filed in the Superior Court on November
23, 1959.

The cases were reported by *R. Sullivan, J.*

*Walter J. Hurley* for the plaintiffs.

*William H. Kerr* for the defendants.

KIRK, J.    The city of Boston (city) is the defendant in
an action of contract and in a bill for declaratory relief.    In
the Superior Court the two proceedings were consolidated,
reduced to a single case stated, and reported to us without
decision.    G. L. c. 231, § 126.

The resolution of one question is determinative of both
proceedings.    The question presented is whether the plain-
tiffs who are classified under G. L. c. 31, § 2A (b), as fire
apparatus repairmen, motor equipment repairmen, and a
carpenter in the maintenance division of the fire department
of the city come within the provisions of St. 1958, c. 411,[2]

---

[1] Wilfred J. Perrier & others *vs.* City of Boston & others (a bill for declara-
tory relief).

[2] The salary increases, tentatively fixed in St. 1958, c. 411, §§ 1 and 2, be-
came effective January 7, 1959, following approval by the voters of the question
relating to the increases as provided in St. 1958, c. 411, §§ 3 and 4.

pursuant to which salary increases were granted to "fire fighters and uniformed fire alarm personnel" employed by the city.

The plaintiffs contend that they are fire fighters within the meaning of the statute. We think it is clear that they are not. By legislative enactment (St. 1952, c. 45) the term "fire fighter" was established as a distinctive title in the classified civil service for one who had theretofore been a "fireman" in a fire department of a city or town. In enacting St. 1958, c. 411, the Legislature must have intended the term "fire fighter" to comprehend only those persons who held a position in the civil service under the title thus established. *Boston & Albany R.R.* v. *Public Serv. Commrs.* 232 Mass. 358, 361. None of the plaintiffs holds a position in the classified service under that title, and therefore none is within the meaning of the statute.

In support of our decision it is unnecessary to make a comparative evaluation of the services performed by fire fighters and the plaintiffs, or to point out in detail that the two categories are drawn from different classified services in the civil service with different qualification and training requirements. See *Elliott* v. *Fire Commr. of Boston,* 245 Mass. 330.

In the action of contract, judgment is to be entered for the city. In the suit for declaratory relief, a decree is to be entered that the plaintiffs do not hold positions within the meaning of St. 1958, c. 411.

*So ordered.*