WILLIAM J. CALLAHAN *vs.* TOWN OF ATHOL.

Worcester.    January 11, 1963. — March 8, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Municipal Corporations,* Employees. *Police.*

Under G. L. c. 147, § 17A, and a town by-law providing that if "any police officer . . . is required to work" on any of certain holidays "he shall be given an additional day off, or, if such additional day off cannot be given because of personnel shortage or other cause, he shall be entitled to an additional day's pay," the chief of police of the town, who controlled his own work schedule without directive from the board of selectmen, was not entitled to additional pay as chief for holidays he had worked for which he had not had additional days off where he did not show that he was "required to work" on those holidays or that he was unable to secure additional days off for such work.

CONTRACT. Writ in the First District Court of Northern Worcester dated September 14, 1960.

Upon removal to the Superior Court the action was reported by *Meagher, J.*

*Thomas L. McLaughlin* for the plaintiff.

*Carlton W. Spencer (Frank G. Allen, Jr.,* with him) for the defendant.

SPIEGEL, J. This is an action of contract to recover an additional day's pay for each of forty-two holidays on which the plaintiff worked as chief of police of the town of Athol. The facts are agreed and a judge of the Superior Court reported the case without decision.

Callahan *v.* Athol.

The plaintiff was employed as a police officer by the town in 1920. In 1938, and annually thereafter, the board of selectmen appointed him "Chief of Police and Keeper of the Lock-Up" until his retirement in 1960. This appointment was made in accordance with town by-law c. III, § 9.[1]

The town voted to place its police officers under civil service effective March 20, 1916, and the plaintiff's civil service rating "during the period herein" was "Police Officer." The position of "Chief of Police" is not classified under civil service. At the time of the plaintiff's retirement and for some time previously he was classified as "Police Chief and Keeper of the Lock-Up" under the town's classification system and "received compensation under this system as such." The board of selectmen did not issue at any time any directive as to the hours of duty required to be served by the plaintiff when he was chief of police.

In 1957, the town adopted a by-law[2] which provided that if "any police officer . . . is required to work" on certain enumerated holidays, "he shall be given an additional day off, or, if such additional day off cannot be given because of personnel shortage or other cause, he shall be entitled to an additional day's pay . . . ." The wording of this by-law is the same as G. L. c. 147, § 17A, with one exception not here relevant. Prior to 1957, almost identical holiday provisions were in effect under an earlier town enactment.

The plaintiff worked on a total of forty-two of the holidays involved during the period January 1, 1956, to March

---

[1] "The selectmen shall annually in the month of March, appoint a chief of police, who shall be some person other than one of their own number and who shall hold office during the pleasure of the board."

[2] The full text of the by-law reads: "If any police officer or permanent member of the fire fighting force is required to work on January first, February twenty-second, April nineteenth, May thirtieth, July fourth, first Monday in September, October twelfth, November eleventh, Thanksgiving Day, or Christmas Day, or the day following when any of the five days first mentioned, or October twelfth, November eleventh or Christmas Day, occurs on a Sunday, he shall be given an additional day off, or, if such additional day off cannot be given because of personnel shortage or other cause, he shall be entitled to an additional day's pay, provided, that, in the case of any such person who works five or more days a week, and whose regular day off falls on any of the aforementioned holidays except when such holiday occurs on Saturday, an additional day shall be allowed or payment in lieu of one day shall be allowed."

31, 1960, for which he was not given an additional day off. While employed by the town he requested payment for the holidays he had worked.

The question reported "is whether the plaintiff is entitled to holiday pay under the General Laws of the Commonwealth and the By-Laws of the Town of Athol."

Before such additional pay is warranted, both laws require that the "police officer" be "required to work" on the holiday involved. There is nothing in the record to indicate that the plaintiff was "required to work" on those days. Although he argues in his brief that the "necessity of adequately performing his job" required him to work on holidays, this is merely an assertion unsupported by the agreed facts. It is undisputed that at all times material to this case the plaintiff was the "Chief of Police" and that as such he was not subject to any directive from the board of selectmen as to the hours he was required to serve.

Of greater significance is the provision, found in both the by-law and G. L. c. 147, § 17A, that a police officer required to work on a holiday "shall be given an additional day off or, if such additional day off cannot be given because of personnel shortage or other cause, he shall be entitled to an additional day's pay." The additional day's pay is clearly contingent upon the unavailability of an "additional day off" due to "personnel shortage or other cause." The plaintiff has made no attempt to show that he was unable to secure an "additional day off." Indeed, he was in control of his own work schedule and could have taken a day off, or any part of a day off, had he chosen to do so. In *Doten* v. *Brockton,* 328 Mass. 563, the plaintiff fire alarm operators had worked overtime but were denied extra compensation because they failed to bring themselves within the provisions of the statute (G. L. c. 149, § 33A) which authorized overtime pay only when an emergency was determined to have existed. We said there that, "In order to recover it was not enough for the plaintiffs to show that they performed additional service. They were required to go farther and prove that such service was authorized in accord-

ance with the provisions of § 33A." *Doten* v. *Brockton,* *supra,* 566. See *Amelotte* v. *Worcester,* 343 Mass. 155, 157.

Furthermore, the plaintiff has applied for additional pay at the rate he received as "Chief of Police" and not as a police officer. It seems to us that the concept of additional pay for holiday work is not usually applicable to persons holding executive positions who are permitted within broad limits to determine their own hours of work. The plaintiff was appointed to perform the duties required of a police chief and for which he received specific compensation. How he accomplished those duties, and specifically the hours he spent doing so, were matters left to him and not directed by the board of selectmen. We are of opinion the plaintiff is not entitled to additional pay for holidays worked under a schedule which he controlled.

*Judgment for the defendant.*

