THOMAS W. DEVNEY'S (dependent's) CASE.

Suffolk.    January 14, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act. Municipal Corporations,* Fire department. *Boston Fire Department. Words,* "Laborers," "Workmen," "Mechanics."

A hoseman stationed at an engine house in the city of Boston, who is a member of the fire department of that city, is not a laborer, a workman or a mechanic within the meaning of St. 1913, c. 807, § 1, which provides that a city accepting that statute shall pay compensation in the manner provided in the workmen's compensation act "to such laborers, workmen and mechanics employed by it as receive injuries arising out of and in the course of their employment, or, in case of death resulting from any such injury."

BRALEY, J.    By the St. of 1913, c. 807, § 1, cities and towns upon acceptance of the act may pay compensation "to such laborers, workmen and mechanics" employed by them "as receive injuries arising out of and in the course of their employment, or, in case of death resulting from any such injury, may pay compensation . . . to the persons thereto entitled" as provided in the St. of 1911, c. 751, and acts in amendment thereof. It appears from the record that the city of Boston accepted the statute, and the question is whether the deceased employee upon whom the claimant, his mother, was partially dependent, was a laborer, workman or mechanic within the meaning of the statute.

At the time of his injury and death he was a hoseman and a member of a fire company stationed at one of the engine houses of the city where he was housed when on duty, performing the services required by his position. The Legislature by St. 1880, c. 107, as amended by Sts. 1881, c. 22; 1909, c. 308; 1911, c. 134; and 1913, c. 168, created a corporation known as the "Boston Firemen's Relief Fund" to hold moneys and real and personal estate not to exceed a certain amount for the benefit of members of the Boston fire department or their families requiring assistance. *Fickett* v. *Boston Firemen's Relief Fund,* 220 Mass. 319. And under the rules and regulations provided by the municipal ordinances the departmental force is classified in three divisions. The permanent or "fire force" to which the decedent belonged are organized in companies the members of which are required to wear uniforms, and are subject to penalties imposed by the fire commissioners for infraction of the rules and discipline of the department. It also is shown that the civil service rules as established by the commission under R. L. c. 19, §§ 7, 11, classified a hoseman employed by the city as in the "Official service" and not in the "Labor service," which is divided into "Laborers," "Skilled laborers," "Mechanics and Craftsmen." To ascertain its true construction the statute under consideration may be read in connection with these statutes, and Sts. 1910, c. 196; 1912, c. 453, enacted in favor of firemen in other cities, and the R. L. c. 32, relating to fire departments, fire districts and firemen's relief funds, as amended by Sts. 1902, c. 108, § 1; 1906, cc. 171, 476; and 1911, c. 321. The Legislature at the date of enactment must be presumed to have known that, under previous and unrepealed legislation, the city in common with other municipalities had an established fire department with a fixed and permanent tenure of service for its members who had been expressly recognized as being in a class by themselves, and that this court in *Fisher* v. *Boston,* 104 Mass. 87, had held them to be public officers, for whose negligence when acting in the discharge of their duties the city is not responsible. *Shelton* v. *Sears,* 187 Mass. 455. *Woods* v. *Woburn,* 220 Mass. 416. If when extending the compensation act it also was the purpose to include all persons of whatever rank serving in the various municipal departments, plain and unambiguous terms should have been used showing the change and enlarge-

ment. A "laborer" ordinarily is a person without particular training who is employed at manual labor under a contract terminable at will, while "workmen" and "mechanics" broadly embrace those who are skilled users of tools. *Oliver* v. *Macon Hardware Co.* 98 Ga. 249. *Ellis* v. *United States*, 206 U. S. 246. *Breakwater Co.* v. *United States*, 183 Fed. Rep. 112, 114. Compare *State* v. *Ottawa*, 84 Kans. 100. And the framers of the statute undoubtedly intended that the words "laborers, workmen and mechanics" should be taken in their ordinary lexical sense which excludes the trained and disciplined force comprising the defendant's fire department.

The provision of § 5 of the statute, that "Any person entitled to receive from the Commonwealth or from a county, city, town or district the compensation provided . . ., who is also entitled to a pension by reason of the same injury, shall elect whether he will receive such compensation or such pension, and shall not receive both," has not been forgotten. But this section is to be read with § 7, which expressly says that the provisions of St. 1911, c. 751, and acts in amendment thereof "shall not apply to any persons other than laborers, workmen and mechanics employed by counties, cities, towns or districts having the power of taxation."

We are accordingly of opinion that the ruling asked for by the city, that the decedent was not a workman, laborer or mechanic at the time of his injury and death, should have been made. The decree * must be reversed, and a decree is to be entered in favor of the employer.

*So ordered.*

*W. J. O'Malley,* for the city of Boston.

*J. M. Graham,* for the dependent.

---

* Made in the Superior Court by *Morton,* J., affirming a decision of the Industrial Accident Board.