PATRICK J. WHITE's (dependent's) CASE.

Suffolk. November 14, 1916. — May 23, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act. Words, "Janitor."*

There is nothing in the statutes of the Commonwealth that gives the words "laborers, workmen and mechanics" as used in St. 1913, c. 807, a meaning which excludes a janitor, and whether a janitor is a laborer, workman or mechanic who may be awarded compensation for an injury from a city that has accepted that statute depends on the kind of work that it is his duty to perform.

The fact that a janitor, who was employed by the city of Boston to take care of two school houses, was appointed under the rules made by the civil service commissioners as a member of the "official service" and not of the "labor service" does not show that he may not have been a laborer, workman or mechanic within the meaning of St. 1913, c. 807.

It *seems* that the head janitor of a large public or business building who does no work with his hands and acts only as a superintendent over others and their work could not be found to be a laborer, workman or mechanic within the meaning of the statute.

Upon a claim for compensation by the dependent widow of a deceased employee of a city that had accepted St. 1913, c. 807, whose death resulted from an injury received by falling to the ground when he was washing a window of one of the school houses that he was employed to take care of as janitor, where there was evidence that the deceased employee with his own hands did all the work of cleaning, heating, washing windows, and care of yards, sidewalks and lawns, it was *held* that a finding was warranted that the deceased employee was "both a laborer and a mechanic" within the meaning of St. 1913, c. 807.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding compensation to Agnes White as the dependent widow of Patrick J. White, who at the time of his death was in the employ of the city of Boston as a janitor in charge of two school houses as stated more fully in the opinion, and whose death resulted from an injury received by fall-ing to the ground when he was washing windows, the claim being made under St. 1913, c. 807.

In the Superior Court the case was heard by *Lawton,* J., who made a decree affirming the decision of the Industrial Accident Board. The city of Boston appealed.

St. 1913, c. 807, § 1, is as follows: "The Commonwealth shall and any county, city, or town, or district having the power of tax-ation, may pay the compensation provided by Part II of chapter seven hundred and fifty-one of the acts of the year nineteen hun-dred and eleven and acts in amendment thereof and in addition thereto to such laborers, workmen and mechanics employed by it as receive injuries arising out of and in the course of their employ-ment, or, in case of death resulting from any such injury, may pay compensation as provided in sections six, seven and eight of said Part II, and in any amendments thereof, to the persons thereto entitled."

*W. J. O'Malley,* for the city of Boston.

*G. W. Anderson,* for the dependent widow.

LORING, J. This is an appeal from a decree of the Superior Court founded on a decision of the Industrial Accident Board awarding compensation to Agnes White on the ground that her husband was "both a laborer and a mechanic" within St. 1913, c. 807, by which the benefits of the workmen's compensation act were extended to certain employees of the Commonwealth and of counties, cities and towns or districts having the power of taxation which should

accept that act. The class of employees defined by that statute are "laborers, workmen and mechanics."

The only question raised by the appeal is whether the finding of the board (that the deceased was "both a laborer and a mechanic" within that statute) was warranted. It appeared that St. 1913, c. 807, had been accepted by the defendant city before the time here in question, that at the time of the injury the deceased was janitor of the Abby W. May and of the Old Thornton Street school houses (two of the old school houses in the Roxbury district of the defendant) and that he fell while washing a window of one of these school houses and died from the injury so suffered.

The question now before the court was involved in *Kenney's Case,* 222 Mass. 401. In that case the deceased was janitor of a city building in the city of Boston and those dependent upon him were held to be entitled to compensation under the act. But the contention now made was not then taken. In *Devney's Case,* 223 Mass. 270, it was decided that a hoseman in the fire department of the defendant city was not within this class. These are the only cases which have arisen involving the construction of this provision of St. 1913, c. 807.

We find nothing in the statutes of the Commonwealth by which the words in question ("laborers, workmen and mechanics") have come to have a meaning which excludes a janitor. The words seem to have been used in the statutes defining the number of hours which make a day's work in case of employees in the service of the public. See St. 1890, c. 375; St. 1909, c. 514, §§ 37–43; St. 1911, c. 494. There is nothing in the use of these words in those statutes which excludes a janitor from being within the class defined by the same words in St. 1913, c. 807.

The main contention of the defendant city is that by R. L. c. 19, § 10 (being the civil service act) janitors in the city of Boston have to be appointed in accordance with the provisions of that act; that the deceased was so appointed and was appointed as a member of the "official service" and not of the "labor service" under the rules of the commissioners made pursuant to that act. The defendant argues that this is decisive in favor of its contention that the deceased was not within the class of "laborers, workmen and mechanics" within St. 1913, c. 807. In this connection the defendant relies upon *Johnson v. Kimball,* 170 Mass. 58. We cannot assent to this contention.

When the Legislature enacted St. 1913, c. 807, extending to the employees of the Commonwealth and of such cities and towns as should accept the provisions of that statute the benefits of the workmen's compensation act, they might have adopted the classification of the civil service commissioners as the basis on which the class of employees (to whom the benefits of the workmen's compensation act were thereby extended) should be ascertained, as they did in the veterans' preference act, (St. 1896, c. 517,) construed in *Johnson* v. *Kimball*, 170 Mass. 58. But they did not do so. In place of providing that the benefits of the workmen's compensation act should be extended to the members of "the labor service" (as defined in the rules of the civil service commissioners adopted under St. 1884, c. 320, and the acts in amendment thereof) the Legislature preferred to enact that these benefits should be extended "to such laborers, workmen and mechanics employed by it as receive injuries arising out of and in the course of their employment." Manifestly the Legislature did not intend to leave the definition of the class (to which the benefits of the workmen's compensation act was to be extended) to the rules adopted and to be adopted by the civil service commissioners but preferred to define the class themselves.

The fact that the deceased had been appointed as a person within "the official service" under the civil service rules by force of a statutory provision applicable to the city of Boston alone is not decisive of the question whether he is within the class of "laborers, workmen and mechanics" within St. 1913, c. 807. The question whether a janitor is or is not within that class must be the same throughout the Commonwealth. In addition and apart from that the method of the appointment of janitors is not decisive upon the question whether the janitor in a particular case is or is not within the class. The decision of that question depends upon the character of the work done by the janitor in question. The question in each case is: Were the principal duties of the janitor such as to bring him within the class defined as "laborers, workmen and mechanics"?

Of course there are janitors who could not be found to be either a laborer, a workman or a mechanic. For example, take the case of a janitor of a large office building or (to come nearer to St. 1913, c. 807) take the case of the janitor of a city hall in a large city.

Ordinarily the janitor of such a building does no work with his hands, but acts only as a superintendent over others and the work done by others. Such a janitor could not be found to be within the class defined as "laborers, workmen and mechanics."

But the janitor here in question was not that kind of a janitor. In the case at bar the fact was, or at least evidence warranted a finding that the fact was, that the deceased with his own hands did all the work of cleaning, heating, washing windows, care of yards, sidewalks and lawns in case of the two school houses in question; and that work included everything from keeping the water-closets clean to running the steam boiler in the school building of the Abby W. May School (for which he had to have a fireman's license) and the furnace in the other school building. In that connection (to quote the finding of the arbitration committee) he had to do the work of "sweeping of the rooms, corridors and basement, the washing of the floors (Rule 9); the dusting of the furniture, decorations and fixtures (Rule 10); cleaning the gas and electric fixtures; replacing the burned out lamps, attending to the lighting (Rule 11); the daily burning of waste paper (Rule 12); cleaning the yards, walks and outhouses (Rule 13); cleaning the chalk receptacles weekly or oftener (Rule 14); cleaning the ink wells tri-monthly at least (Rule 15); washing the furniture (Rule 16); washing the door-knobs and hand rails with disinfectant (Rule 17); washing the walls and woodwork (Rule 18); washing of the windows (Rule 19); flushing the sanitaries and washing the urinals (Rule 20); mowing the lawns, keeping the walks free from weeds, removal of rubbish (Rule 21); removal of snow and sprinkling of the walks with sand or ashes (Rule 22); and many others of a distinctly menial character and involving manual labor." Not only was it the duty of the deceased to do all this work, but the evidence warranted a finding that he did it and all of it with his own hands.

We cannot doubt that this evidence warranted the finding made, namely: that the deceased was "both a laborer and a mechanic" within St. 1913, c. 807.

It follows that the decree of the Superior Court must be affirmed, and it is .

*So ordered.*