CLARENCE E. LESUER'S (dependents') CASE.

Middlesex.    March 9, 1917. — May 24, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act.   Words,* "Mechanics."

An instructor employed by a city, that has accepted St. 1913, c. 807, at an annual salary in the motor vehicle department of an industrial and vocational school, whose duty is to instruct boys in mechanics, English, arithmetic and civics, and who, where it is possible, instructs them in all kinds of motor vehicle repairing and at times gives a practical demonstration himself as to how the thing is done, is not a laborer, workman or mechanic within the meaning of the statute.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board dismissing the claims of Joseph B. Lesuer and Lilla R. Lesuer respectively as the partially dependent next of kin and the administratrix of the estate of Clarence E. Lesuer, who on October 23, 1914, received an injury from an explosion that resulted in his death on November 1, 1914, he having been employed by the city of Lowell as an instructor in vocational and industrial education, as more fully described in the opinion, and the claims being made under St. 1913, c. 807.

The case was heard by *McLaughlin,* J., who made a decree dismissing the claims in accordance with the decision of the Industrial Accident Board. The claimants appealed.

*M. G. Rogers,* for the claimants.

*W. D. Regan,* for the city of Lowell.

PIERCE, J.   The employee was a teacher employed at an annual salary in the automobile department of Lowell Industrial and

Vocational School, maintained by the city under St. 1911, c. 471. It was his duty to instruct boys in mechanics, English, arithmetic and civics. The method of teaching by an instructor in automobile repairing is described specifically in the bill of exceptions as follows: An automobile is brought in and the boys are given their directions in taking it apart and putting it together again. The teacher gives them oral instructions as to what to do — the boys do the work. He directs them. Occasionally, when the automobile is put together or taken apart he takes hold and gives them an idea how it is done, where it is possible he instructs in all kinds of automobile repairing and at times gives a practical demonstration himself as to how the thing is done. The school hours were from half past eight o'clock in the morning to half past three o'clock in the afternoon. The teachers were expected to stay after that time to get their records and prepare the work for the next day. If there was at the hour of dismissal an incompleted piece of work, it was within the discretion of the teacher to go on and complete it. In such instances it was the custom of the teacher to ask the boys if they would like to stay and do it and some of the boys were so interested that they would stay round and help. To give boys practice in machine work, lathes were used in the repair work and it was the duty of the teacher to see that these machines were kept in order.

The accident happened at a quarter past four o'clock in the afternoon, and was the consequential result of some unknown act or omission of a boy while engaged in welding. This proceeding is brought by the father and the administratrix of the deceased employee, to recover the compensation provided by the workmen's compensation act, (St. 1911, c. 751, and amendments thereof,) the defendant city having accepted St. 1913, c. 807, which provides that "laborers, workmen and mechanics" employed by it shall be within the protection of the workmen's compensation act.

The only question now presented is whether the deceased was a laborer, workman or mechanic, within the meaning of St. 1913, c. 807. Upon the facts the vocation of the employee was that of a teacher charged with the duty of imparting to his pupils, through precept and demonstration, knowledge of the use of various tools and machines and of the practical application of them, sufficient

to fit the boys to be practical automobile repairers. The words of the statute as applied to cities, manifestly are not intended to embrace all persons of whatever rank in the service of a municipality, but are used in a restrictive sense designed to distinguish certain well known classes of servants from other classes. The word "mechanic" as used in the statute, connotes a manual occupation: a performance of mechanical labor, or work at one of many constructive trades, as a principal means of livelihood. It seems plain that the work performed by a professor or instructor in a polytechnical or occupational institute, in teaching and demonstrating the theoretical and practical use of mechanics as applied to the use of tools, appliances and machinery, is not that of a laborer, workman or mechanic, because the efficiency of the instructor depends in degree upon his skill in the use of tools. *Devney's Case*, 223 Mass. 270. See *White's Case*, 226 Mass. 517.

*Decree affirmed.*