FRANKLIN RANDALL'S CASE.

Essex.   April 6, 1932. — April 8, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & DONAHUE, JJ.

*Workmen's Compensation Act*, To whom act applies.   *Fireman.*

A "call" fireman in an unorganized fire department of a town not under the civil service, who fell and was injured while attempting to rescue a cat in a tree and who, in so doing, was acting under the direction of the chief of the fire department and in the course of his duties as a fireman, was not a laborer, workman or mechanic in the employ of the town and was not entitled to compensation under the workmen's compensation act.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by

the Industrial Accident Board dismissing a claim for compensation.

Material findings by a single member of the board are stated in the opinion. The single member "ruled" at the request of the claimant that "The act that the claimant was performing at the time of his injury was in the course of his duties as a fireman"; that "The claimant at the time of his injury was acting under the direction and supervision of the chief of the fire department"; and that "It was the duty of the chief of the fire department, when it was called to his attention, to have the cat removed from the tree." He refused to rule that "The claimant was employed as a laborer, workman or mechanic," and ruled as a matter of law; at the request of the insurer, that "To entitle the claimant to compensation, he must have been employed at the time of his injury as a laborer, workman or mechanic" and that "The claimant was not employed as a laborer, workman or mechanic"; and dismissed the claim. The board in review affirmed and adopted the findings and decision by the single member. In the Superior Court, a decree was entered by order of *Donnelly*, J., in accordance with the board's decision. The claimant appealed.

*J. A. Donovan*, for the claimant.

*F. J. Donahue*, for the insurer.

RUGG, C.J. This is a proceeding under the workmen's compensation act. The reviewing board affirmed and adopted the findings and decision of the single member. So far as here material the findings of fact are that the employee was a "call fireman for the town of Salisbury, receiving as wages $5 per year plus seventy-five cents an hour for the actual time required by him to fight fires when called. On Monday, July 21, 1930, the chief of the fire department of the town of Salisbury was called upon to rescue a cat that was on the limb of a tree, and in order to do this it was necessary for him to use ladders of the fire department. To assist him in doing this work, he, as chief of the fire department, called upon the employee, and under the directions and orders of the chief this call fireman went out on the limb, and while there he fell, injuring his left

elbow which later necessitated amputation at the shoulder." The fire department was not an organized, uniformed and disciplined force, and was not under the civil service. It was expressly found that "The act that the claimant was performing at the time of his injury was in the course of his duties as a fireman," and that he was acting under the direction and supervision of the chief of the fire department who in turn was acting in the performance of his duty.

These findings of fact are amply supported by the evidence which need not be narrated. The contention of the employee to the effect that the finding ought to have been that the claimant was a laborer, workman or mechanic in the employ of the town was not required. It is familiar law that the finding of the reviewing board, if permissible upon the evidence, must be accepted as true. In the light of these facts the ruling of law made by the single member, the reviewing board and the Superior Court, to the effect that the employee was not entitled to compensation, was right. The case at bar comes precisely within the decision in *Devney's Case*, 223 Mass. 270.

*Decree affirmed.*