SAWYER v. BAY STATE MOTOR EXPRESS CO.

Civ. No. 6770.

United States District Court
D. Massachusetts.

March 5, 1948.

---

1. Characterized as "excellent" in Hopkins v. Wallin, 3 Cir., 179 F.2d 136.

844

Grant & Angoff, Frederick Cohen, Boston, Mass., for plaintiff.

Ralph H. Cahouet, Hale, Sanderson, Brynes & Morton, Boston, Mass., for defendant.

SWEENEY, District Judge.

In this action, brought under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., the plaintiff seeks to recover for overtime which he claims he worked for the defendant during a nine-week period of employment, commencing on July 9, 1946. The defendant denies that the plaintiff worked overtime, and sets up the defense that the plaintiff was exempt from the provisions of the Act by reason of being an executive or administrative employee, within the meaning of the exempting section of the statute. It sets up as a further defense, on the question of additional liquidated damages, that it had in good faith classified the plaintiff's employ as a bona fide executive or administrator, and was therefore not liable for additional damages.

## Findings of Fact

■ The plaintiff entered the employ of the defendant on July 9, 1946, and the agreed compensation for his services was $50.00 for a forty-hour week. This resulted in an hourly rate of $1.25. The defendant's business was increasing and it needed assistance in its Dispatching Department. Up to this time it had two dispatchers. The employment of the plaintiff made the third dispatcher. It was his duty to care for the dispatching of outgoing business to the southern part of New England. He had complete control of such dispatching, but was subject to receive orders from a Mr. Goodwin, who was over him, and the two brothers, Sam and Ben Somers, who owned the business. I find that the plaintiff was not an executive or administrative assistant within the exempting clause of the Act, even though his job called for the exercise of what was probably superior knowledge and discretion. He had no power to hire or fire, had no charge over other employees and, in short, was just another dispatcher. He was fired sometime in September by reason of his improper routing of a twelve-ton truck to take a sixteen-ton load. His work week was as follows:

He reported for work at nine o'clock in the morning, had one hour for lunch between 1:00 p. m. and 2:00 p. m., and worked until sometime in the early evening, to an hour which was determined by the receipt of a telephone call from their Springfield branch. Shortly after receiving this call, which varied as to time, he would rearrange his work preparatory for the next day, and leave. This program applied to the first five days in the week. On Saturday he reported for work at nine o'clock, and generally left shortly after 1:00 p. m. or sometime a little later in the afternoon.

■ I find that during nine weeks of this man's employment, he averaged fifty-seven hours per week, which resulted in seventeen hours overtime per week. On the basis of $1.25 per hour, with pay for the seventeen hours at time-and-a-half, he is entitled to an additional $31.88 per week.

He has received nothing except a flat $50.00 per week. I therefore find that the plaintiff is entitled to receive from the defendant the sum of $286.92. I find that the defendant did not willfully, or with any attempt to evade the law, improperly classify this man, but probably overreached itself in extending the definition of an executive or administrator. I therefore find that it should not be held liable for additional damages other than for a reasonable attorney's fee.

Conclusions of Law

On the basis of the foregoing, I conclude and rule that the plaintiff is entitled to recover the sum of $286.92, plus an attorney's fee in the sum of $150.00, with costs.

The plaintiff is entitled to judgments in accordance with the above.