ALVIN R. RANDALL'S CASE.

Middlesex.   April 6, 1954. — April 28, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Workmen's Compensation Act*, To whom act applies. *Statute*, Construction. *Words*, "Workmen."

A chief of police of a large university whose duties were principally administrative and supervisory, although to some extent he took an active part in the work of his men, was not a workman within § 1 (4) of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, as appearing in St. 1945, c. 369. [385]

As a general rule, a word is to be given the same meaning when appearing in different parts of the same statute. [386]

A judicial construction of a word used in a statute is presumed to be adopted by the Legislature in using that word in a later statute unless the contrary appears. [386]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Brogna*, J.

*Frank W. Crocker*, (*A. Lane McGovern* with him,) for the self insurer.

*Timothy H. Donohue*, for the claimant.

COUNIHAN, J.  This is an appeal by a self insurer, Harvard University, an educational institution (the corporate name of which is the President and Fellows of Harvard College), from a decree of the Superior Court in accordance with a decision of a reviewing board of the Industrial Accident Board which awarded compensation to Alvin R. Randall, an employee, for an injury sustained on May 26, 1952, during a student riot.  There was error in the entry of the decree.

It was not disputed that the employee sustained an injury which arose out of and in the course of his employment. The only question before us is whether the employee comes within the classification of "laborers, workmen and mechanics" as provided in G. L. (Ter. Ed.) c. 152, § 1 (4), as appearing in St. 1945, c. 369, part of which reads as follows, "The provisions of this chapter shall remain elective as to the employers of the following: . . . persons other than laborers, workmen and mechanics employed by religious, charitable or educational institutions."

The reviewing board found that the employer seasonably notified the Industrial Accident Board that it elected to cover as a self insurer only those employees classified as "laborers, workmen and mechanics," and that this was the coverage in existence when the injury was sustained.  It found, however, that the claimant was a workman within the meaning of the act.  This we believe was error as matter of law.

It is a familiar principle that the findings of the reviewing board, if permissible as matter of law upon the evidence, must be accepted as true but not otherwise. *Gorski's Case,* 227 Mass. 456.

The evidence here considered in the light most favorable to the employee, together with all reasonable inferences therefrom, indicates that the duties of the employee were somewhat analogous to those of a chief of police of a small community. He testified that his occupation was chief of police of Harvard University. His duties included supervision of about thirty police officers including a lieutenant and three sergeants with whom he was engaged in the protection of life and property at Harvard University. He received daily reports from his subordinates, and he interviewed applicants for positions on his force and filled vacancies as they occurred subject to the approval of an administrative vice president of the university. He supervised the office work of the police force, one of the principal functions of which was to handle and control traffic and parking problems on university property. He imposed penalties for violations of traffic regulations. His work also required him to accompany his subordinates as frequently as possible to see to it that student disturbances were broken up and students were kept out of serious trouble. Part of such work required him to take an active part with his men in quelling disturbances and he was as a matter of fact doing this when injured.

We are of opinion that the duties of the employee considered as a whole did not classify him as a workman. Compare *White's Case,* 226 Mass. 517. Words found in a statute are to be given their ordinary lexical meaning unless there be a clear indication to the contrary. *New England Gas & Electric Association* v. *Ocean Accident & Guarantee Corp. Ltd.* 330 Mass. 640, 652–653. In *Devney's Case,* 223 Mass. 270, which involved a "hoseman" in the fire department of the city of Boston, it was said at page 272, "A 'laborer' ordinarily is a person without particular training who is

employed at manual labor under a contract terminable at will, while 'workmen' and 'mechanics' broadly embrace those who are skilled users of tools." *Lesuer's Case*, 227 Mass. 44 (a teacher in an industrial school). *Randall's Case*, 279 Mass. 85 (a call fireman). In the instant case it appears that the employee's duties were principally administrative and supervisory in nature and therefore he does not come within the classifications set forth in the statute.

It may be well to point out that since the effective date of St. 1943, c. 529, § 3, which first inserted the words "laborers, workmen and mechanics" into the exceptions listed in c. 152, § 1 (4), there appears to have been no case in which this court has had occasion to pass upon the meaning of these words as they appear in § 1 (4). However the same words have been used in c. 152, §§ 68, 69, and 74, for many years and this court has considered their meaning in the cases hereinbefore cited.

It is a rule of statutory construction that, if reasonably practicable, words used in one place in a statute with a plain meaning are given the same meaning when found in other parts of the same statute to the end that there may be a harmonious and consistent body of law. *Arnold* v. *Commissioner of Corporations & Taxation*, 327 Mass. 694, 700.

Moreover it is settled that where the Legislature, as in St. 1943, c. 529, § 3, and in St. 1945, c. 369, used words which had been previously defined by judicial determination it is presumed to have adopted such definitions unless the contrary distinctly appears. *Commissioner of Corporations & Taxation* v. *Boston Edison Co.* 310 Mass. 674, 689. *Richards* v. *Treasurer & Receiver General*, 319 Mass. 672, 674.

*Decree reversed.*

*Decree for the self insurer.*