## BARBARA (MUSSEN) BREWER'S CASE.

Suffolk. March 4, 1957. — March 28, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Workmen's Compensation Act,* To whom act applies. *Hospital. Nurse. Words,* "Laborer," "Workman."

The Industrial Accident Board did not err in a workmen's compensation case in concluding that the claimant, a student nurse in a charitable hospital who paid it a certain sum to cover "tuition . . . classroom and clinical lectures, and uniforms" during her course in nursing and who, besides attending classes, was required to and did work regular eight hour shifts at the hospital doing largely "menial and manual" work under the direction and control of its supervisory employees in

---

[1] "Whenever the title or interest taken is such that the property will he exempt from taxation so long as it is held and used for the purposes for which it is taken, the damages for the taking shall include an amount separately determined and stated which shall be estimated to be equal to that portion of the tax assessed upon the property in the year it is taken which, if the tax were apportioned pro rata according to the number of days in such year, would be allocable to the days ensuing after the taking."

exchange for her room and board, was an "employee" of the hospital within the meaning of the workmen's compensation act, G. L. (Ter. Ed.) c. 152, and that she was a "laborer" or a "workman" within § 1 (4), as amended, whom the hospital was required to insure under the act.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Dowd, J.*

*Walter I. Badger, Jr., (Andre R. Sigourney* with him,) for the insurer.

*Laurence S. Locke, (Myer Rubin* with him,) for the claimant.

SPALDING, J. This is an appeal by the insurer from a decree of the Superior Court enforcing an award of compensation by the Industrial Accident Board.

Relevant facts found by the reviewing board are these. The claimant was admitted in September, 1948, to the school of nursing conducted by The Lowell General Hospital, a charitable corporation organized in 1891 under Pub. Sts. c. 115, a predecessor of G. L. (Ter. Ed.) c. 180. The course of training was for three years. Upon admission to the school the claimant paid $250 to the hospital to cover "tuition . . . classroom and clinical lectures, and uniforms" during the course. Following a probationary period of a few months, the claimant became a student nurse and as such she was required to perform the duties hereinafter described under the supervision and control of the superintendent of nurses and her assistant, the director of nurses. Student nurses were required to work regular eight hour shifts in addition to attending classes at the school. The shifts were from 7:00 A.M. to 3:00 P.M., 3:00 P.M. to 11:00 P.M., and 11:00 P.M. to 7:00 A.M. If a student worked the day shift she did not attend classes. The duties of a student nurse included the following: giving baths to patients, cleaning utensils and other equipment, cleaning medicine closets and utility rooms, washing beds, preparing food, serving meals, and the like. The claimant performed these services in exchange for her room and board.

Sometime in March, 1951, the claimant sustained an injury to her back which the board found arose out of and in the course of her employment. This finding is not challenged. As a result of this injury she was later totally incapacitated for certain periods and brought this claim for compensation.

The position of the insurer both before the board and in this court is that the claimant (1) was not an "employee" covered by the workmen's compensation act and (2) even if she were an employee she did not come within the classes "laborers, workmen and mechanics" set forth in G. L. (Ter. Ed.) c. 152, § 1 (4), as amended, and thus was not an employee whom the hospital, a charitable institution, was required to insure. The reviewing board rejected both of the insurer's contentions and made an award of compensation to the claimant based on the value of the room and board furnished to her by the hospital. From a decree of the Superior Court in accordance with the board's decision, the insurer appealed.

1. The question whether a student nurse performing duties of the sort here involved is an "employee" of the hospital where she receives her training within the meaning of the compensation act is a question of first impression in the Commonwealth. The question, however, has arisen under compensation acts elsewhere and it has uniformly been held that a student nurse is an employee. *Carraway Methodist Hospital Inc.* v. *Pitts*, 256 Ala. 665. *Judd* v. *Sanatorium Commission of Hennepin County*, 227 Minn. 303. *Otten* v. *University Hospitals*, 229 Minn. 488. *Heget* v. *Christ Hospital*, 26 Misc. (N. J.) 189. *Employers Mutual Liability Ins. Co.* v. *Industrial Commission*, 235 Wis. 270. Larson, Workmen's Compensation Law, § 47.43(a). See *Bernstein* v. *Beth Israel Hospital*, 236 N. Y. 268; *Cook* v. *Buffalo General Hospital*, 308 N. Y. 480. Under her agreement with the hospital the claimant was obliged to work regular shifts in addition to her hours in the class room. While engaged in this work she was under the direction and control of the supervisory employees of the hospital. Considering these

facts together with the board's finding that the claimant was compensated for her work in the form of room and board we are of opinion (in the light of the decisions cited above, which seem to us sound) that the board did not err in concluding that the claimant was an "employee" within the meaning of the act. We think that the case of *Todd School for Boys* v. *Industrial Commission*, 412 Ill. 453, relied on by the insurer is distinguishable. In that case it was held that a student at a private boys' school, who, together with other students of the school, performed various menial tasks as part of their training and irrespective of the tuition paid, was not an employee of the school within the meaning of the compensation act while riding in a school truck transporting other students on an outing.

2. Admittedly the hospital was a "charitable . . . institution" within the purview of § 1 (4) of the compensation act. As such it was required to insure only such of its employees as were "laborers, workmen and mechanics." Hence the claimant in order to recover compensation must establish not only that she was an employee of the hospital but that she comes within the quoted classification, for the hospital has elected not to insure employees not so classified.[1]

Originally the workmen's compensation act had no application to corporations organized for carrying on a public charity. *Zoulalian* v. *New England Sanatorium & Benevolent Association*, 230 Mass. 102. The provisions which made the act applicable to "laborers, workmen and mechanics" employed by "religious, charitable or educational institutions" were brought into our law by St. 1943, c. 529, § 3. Since that amendment there has been but one case (*Randall's Case*, 331 Mass. 383) calling for a construction of the words "laborers, workmen and mechanics." But that case, which held that a chief of police of Harvard University did not

---

[1] The compensation policy covering the hospital expressly excluded "professional employees whose work has to do with the treatment and care of patients, such as physicians, graduate and student nurses." Of course, the act rather than the policy fixes the scope of the insurance. That the rights of the employee cannot be narrowed by the contract of insurance between the employer and the insurer is well settled. *Cox's Case*, 225 Mass. 220, 225. *Stoltz's Case*, 325 Mass. 692, 696, and cases cited.

come within this classification, does not solve the present problem. Nor do earlier cases, which construed similar words in other parts of the act, afford much assistance. See *Devney's Case,* 223 Mass. 270 (hoseman in fire department); *Lesuer's Case,* 227 Mass. 44 (teacher in industrial school); *Randall's Case,* 279 Mass. 85 (call fireman). In each of those cases the nature of the work under consideration was substantially different from that here involved.

While the question is not free from difficulty, we are of opinion that the board cannot be said to have erred in finding that the claimant prior to her graduation was a "laborer or a workman" within the intendment of § 1 (4). The work she did at the hospital during her eight hour shift was largely "menial and manual" and of the sort that would be done by a laborer or workman.

Costs of this appeal under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, may be allowed by the single justice.

*Decree affirmed.*